869 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward S. ZABIK, Plaintiff-Appellant,
v.
GREAT LAKES STEEL, Defendant-Appellee.
 No. 86-1704.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1989.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and EUGENE E. SILER, Jr., Chief District Judge.*
 
 ORDER
 
 2
 Plaintiff Zabik appeals from the district court's order granting summary judgment to the defendant in this diversity contract case. 28 U.S.C. Sec. 1332. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The plaintiff challenges the defendant's decision to place him on layoff status as a violation of the defendant's policy to layoff employees on the basis of seniority. The district court granted summary judgment to the defendant, refusing to apply the holding in Toussaint v. Blue Cross & Blue Shield of Michigan, 408 Mich. 579 (1980) to the present case. This appeal has been held in abeyance pending a decision in Boynton v. TRW, Inc., 858 F.2d 1178 (6th Cir.1988) (en banc).
 
 
 4
 Sitting en banc, the Boynton court held that the Toussaint case does not justify challenges to the "justness" of an employer's economically motivated decision to terminate an employee. Boynton, 858 F.2d at 1182-84. However, an employee can challenge the procedure followed by a company when making its layoff decisions if the decisions violate a seniority policy. Id. at 1184-85. In Boynton, the company's policy was to layoff employees
 
 
 5
 "[o]n the basis of skill, quality of past performance, and present ability to perform the required and available work. All other factors being equal, seniority governs in determining employees to be laid off, transferred, or reduced from one classification to another."
 
 
 6
 Id. at 1188 (emphasis in original).
 
 
 7
 The defendant's policy here is indistinguishable from the employer's policy in Boynton. Therefore, the plaintiff cannot show that he possessed any seniority rights regarding the procedures to be followed by the defendant in making its layoff decisions.
 
 
 8
 Accordingly, the order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation